**Edward BAILEY, Plaintiff–Appellant,**

v.

**Paul HOEYE; et al., Defendants–Appellees.**

No. 06–35609.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

Edward Bailey, Salem, OR, pro se.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Edward Bailey appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations arising from his temporary placement in disciplinary segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e), *Lopez v. Smith,* 203 F.3d 1122, 1126 (9th Cir.2000) (en banc), and we affirm.

The district court properly dismissed Bailey's due process claim because it is undisputed that after seven days of disciplinary segregation, Bailey received a formal hearing at which all misconduct charges against him were dismissed. *See* Or. Admin. R. § 291–105–0021(3)(a); *Serrano v. Francis,* 345 F.3d 1071, 1078 (9th Cir.2003) ("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.").

The district court also properly dismissed Bailey's Eighth Amendment claim because Bailey neither asserts that the seven-day disciplinary segregation by itself is a sufficiently serious deprivation nor that any prison official acted with a sufficiently culpable state of mind. *See Hearns v. Terhune,* 413 F.3d 1036, 1042 (9th Cir.2005) (outlining elements of an Eighth Amendment violation).

The district court properly dismissed Bailey's equal protection claim, alleging he was not allowed to attend his initial disciplinary hearing because Bailey does not allege that any defendants acted with intent or purpose to discriminate, and does not claim membership in a protected class. *See Thornton v. City of St. Helens,* 425 F.3d 1158, 1166–67 (9th Cir.2005).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.